UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CHRISTIAN ESPINOZA,

    Plaintiff,

v.                            CASE NUMBER: 9:15-cv-80950-DMM

PURE CANVAS, INC. and DERRICK ABELLARD,
Individually;

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR RECOVERY OF COSTS PURSUANT TO 29 U.S.C. §216(b) and LOCAL RULE 7.3(C) AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, CHRISTIAN ESPINOZA, (herein "Plaintiff") by and through his undersigned counsel, moves this Court, pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Fed. R. Civ. P. 54(d)(1), 28 U.S.C. § 1920 and S.D. Fla. Local Rule 7.3(c), for an award of non-taxable expenses and costs arising from the entry of final judgment and, in support thereof, states as follow:

**I.    INTRODUCTION**

1. On July 5, 2016 Plaintiff filed a Second Amended Complaint against Defendants, PURE CANVAS, INC. and DERRICK ABELLARD, alleging violations of the Fair Labor Standards Act, as amended 29 U.S.C. § 201 et seq. ("FLSA") and the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA"). [DE #46].

2. On August 16, 2016, a Clerk's Default was entered against Defendant, Derrick Abellard. [DE #53].

3. On September 13, 2016 Plaintiff filed his Motion for Final Default Judgment against Defendant, Derrick Abellard. [DE #61].

4. On October 11, 2016, a Clerk's Default was entered against Defendant, Pure Canvas, Inc. [DE #65].

1

5. On October 11, 2016, Plaintiff filed his Motion for Final Default Judgment against Defendant, Pure Canvas, Inc. [DE #66].

6. On October 25, 2016, this Court entered an Order granting, in part, Plaintiff's Motion for Final Default Judgment against Defendants, Derrick Abellard and Pure Canvas, Inc. [DE #68] and issued a Final Default Judgment in favor of Plaintiff and against Defendants. [DE #69].

7. In accordance with 29 U.S.C. §216(b), Fed. R. Civ. P. 54(d)(1), 28 U.S.C. § 1920 and S.D. Fla. Local Rule 7.3(c) Plaintiff now moves the Court to recover his expenses and costs incurred as a result of this action in the amount of $827.61 and attaches his Bill of Costs, pursuant to 28 U.S.C. § 1920, and supporting records showing the amount of costs as Composite **Exhibit "A."**

## II.  MEMORANDUM OF LAW

Federal Rule of Civil Procedure 54(d) provides that "unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 creates a strong presumption that the court will award costs to the prevailing party. *Mathews c. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) ("there is a strong presumption that the prevailing party will be awarded costs"); *see also Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) (noting that Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party which [the opponent] must overcome"). The FLSA also provides for a mandatory award of "costs of the action" to a prevailing plaintiff. 29 U.S.C. § 216(b); *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988); (stating that in awarding a judgment in FLSA cases, Courts *shall* award costs as permitted by 28 U.S.C. § 1920.

Having obtain judgment in his favor on his claims against Defendants, Derrick Abellard and Pure Canvas, Inc., Plaintiff is clearly the prevailing party and, thus, is entitled to his costs. *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) ("Usually, the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)."). The particular items that may be

taxed as costs are set out in 28 U.S.C. § 1920, which provides in pertinent part: "A judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1932 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Although the decision to award costs is discretionary with the Court, it may only tax those items specifically enumerated in § 1920, absent alternative statutory authority. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). "When challenging whether costs are taxable, the losing party bears the burden to demonstrate that a cost is not taxable, unless the knowledge regarding the proposed cost lies within the exclusive knowledge of the prevailing party." *DuChateau v. Camp Dresser & McKee, Inc.*, 2012 U.S. Dist. LEXIS 43410 (S.D. Fla. Mar. 29, 2012). Even though the burden falls on the losing party to demonstrate that a cost is not taxable, the prevailing party "still bears the burden of submitting a request for [costs] that [will] enable the Court to determine what [costs] where incurred and whether [the prevailing party] is entitled to them." *Ferguson v. North Broward Hosp. Dist.*, 2011 U.S. Dist. LEXIS 90326 (S.D. Fla. 2011). The costs sought by Plaintiff all fall within the taxable costs permitted by 28 U.S.C. § 1920 as they consist of process server fees and filing and printing fees. *See Santana v. RCSH Operations, LLC*, 2012 U.S. Dist. LEXIS 124119 (S.D. Fla. Aug. 31, 2012) (awarding costs pursuant to 28 U.S.C. § 1920 to prevailing party for process server fees, printing and copying); *see also Gadsby v. Am. Golf Corp. of Cal. & Golf Enters.*, 2014 U.S. Dist. LEXIS 152870 (M.D. Fla. Oct. 8, 2014) (awarding filing fees and fees for copies and printing in accordance with 28 U.S.C. § 1920). As such, Plaintiff

hereby moves for this Court to approve $827.61 in costs to be paid as part of the Final Judgment entered in favor of Plaintiff and against Defendants.

WHEREFORE, the Plaintiff respectfully requests that this Court grant this Motion for his recovery of costs, in accordance with 29 U.S.C. §216(b), Fed. R. Civ. P. 54(d)(1), 28 U.S.C. § 1920 and S.D. Fla. Local Rule 7.3(c) and enter Final Judgment in favor of Plaintiff and against Defendants for the recovery of costs in the amount of $827.61.

**CERTIFICATE OF GOOD FAITH IN ACCORDANCE WITH S.D. FLA. L.R. 7.1(a)(3)**

In accordance with S.D. Fla. L.R. 7.1(a)(3) Plaintiff's counsel certifies that he made reasonable efforts to confer with Defendants in a good faith effort to obtain agreement on the relief sought in this Motion but was unable to do so.

Filed this November 17, 2016.

Respectfully submitted:

/s/Joseph Odato
Joseph Odato
Florida Bar No.: 86201
dcreed@creedlawgroup.com
Dennis Aloysius Creed, III
Florida Bar No.: 43618
jodato@creedlawgroup.com
Creed Law Group, PLLC
13043 West Linebaugh Avenue
Tampa, Florida 33626
(T): 813.444.4332
(F): 813.441.6121
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2016 a true and correct copy of the foregoing was served via United States mail to Pro Se Defendant, Mr. Derrick Abellard at 4849 Lake Worth Road, Suite 202 Green Acres, Florida 33463 and Electronic Mail: derrickabellard@gmail.com and

sent via US Mail to: Pure Canvas, Inc. c/o Mark Cohen, Registered Agent at 4651 Sheridan St Ste 301, Hollywood, FL. 33021 and Electronic mail to: Mark Cohen mdcohenpa@yahoo.com.

*/s/Joseph Odato*
Joseph Odato
Florida Bar No.: 86201
dcreed@creedlawgroup.com
